UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7512-CAS (JCGx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | ORTHOPEDIC SPECIALISTS OF SOUTHERN CALIFORNIA V. ILWU-PMA WELFARE PLAN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Not present | | Not present |

**Proceedings:** (In Chambers:) **PLAINTIFF'S MOTION TO REMAND** (filed December 31, 2012) [Dkt. No. 8]

## I. INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 4, 2013, is vacated, and the matter is hereby taken under submission.

On July 19, 2012, plaintiff Orthopedic Specialists of Southern California ("OSSC") filed suit against defendant ILWU-PMA Welfare Plan Benefits ("ILWU") in the Los Angeles County Superior Court. Plaintiff asserts state-law claims for recovery of payment on open book account and for services rendered, breach of implied-in-fact and oral contract, estoppel, quantum meruit, negligence per se, and violation of California Health & Safety Code § 1371.4. The gravamen of plaintiff's complaint is that defendant made various representations and warranties to plaintiff regarding payments that would be made but were in fact not paid, independent of any contractual rights of plaintiff's patients or other insurance agreements. Compl. ¶ 5.

On August 31, 2012, defendant removed this action to this Court, on the ground that plaintiff's claims are completely preempted by ERISA, 29 U.S.C. § 1001, et seq. Dkt. No. 1. In particular, defendant contends that ILWU is a welfare benefit plan, as defined by ERISA section 3(1), 29 U.S.C. § 1002(1)(a), and that plaintiff seeks additional compensation from the plan for services it allegedly provided to plan members.

On December 31, 2012, plaintiff filed the instant motion to remand. Dkt. No. 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7512-CAS (JCGx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | ORTHOPEDIC SPECIALISTS OF SOUTHERN CALIFORNIA V. ILWU-PMA WELFARE PLAN, ET AL. | | |

Defendant opposed the motion on February 6, 2013, and plaintiff replied on February 15, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

**II.   BACKGROUND**

Plaintiff alleges the following facts in support of its claims. Plaintiff is a professional group of orthopedists and health care providers located in the County of Los Angeles. Compl. ¶ 1. At various times, one of plaintiff's physician provided medical or orthopedic services to one of defendant's beneficiaries as an "out-of-network" or "non-participating provider." Id. ¶ 9. As a non-participating provider, plaintiff had no standing contract with defendant setting the rates of reimbursement for the particular types of services that plaintiff provided. Id. Prior to providing medical services to any plan beneficiary, plaintiff contacted defendant and was advised that the patients were insured by defendant, and defendant promised that it would pay for plaintiff's services at "usual, customary, and reasonable rates" ("UCR rates") and in conformance with California law. Id. ¶ 10; see also id. ¶ 30 (alleging that defendant "entered into implied contracts with [plaintiff]" to pay it UCR rates). Defendant did not advise plaintiff of any exclusions or limitations on coverage that would result in denial of coverage to plaintiff's patients, nor did defendant inform plaintiff of what its precise reimbursement would be until after a procedure has been performed. Id. ¶¶ 11, 39. Moreover, defendant's contract with its beneficiaries required defendant to pay non-contracted providers their UCR rates for services the provider rendered. Id. ¶ 27. But for these representations as to coverage and payment, plaintiff would not have rendered services to defendant's beneficiaries. Id. ¶¶ 22–24.

After providing the medical services to defendant's beneficiaries, plaintiff submitted invoices to defendant for adjustment and payment, including all relevant medical records and other requested information. Id. ¶¶ 25, 40–41. Rather than paying plaintiff the UCR rate, however, defendant consistently "underpaid for medically necessary and appropriate services" that plaintiff provided, "in violation of California law" and the parties' oral agreement. Id. ¶¶ 15, 25, 37, 42. Defendant did so using "illegal and/or flawed databases and systems to calculate reimbursement for non-contracting providers," id. ¶¶ 26, 33–35, 43–45, despite defendant's knowledge of the amounts usually charged by medical providers for such services, id. ¶ 28. This is in contravention to regulations adopted by the California Department of Managed Health

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7512-CAS (JCGx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | ORTHOPEDIC SPECIALISTS OF SOUTHERN CALIFORNIA V. ILWU-PMA WELFARE PLAN, ET AL. | | |

Care, which provides that payment to "non-contracted providers" shall be based upon "the fees usually charged by the provider" and "prevailing provider rates charged in the general geographic area in which the services were rendered," among other factors. Compl. ¶ 31 (quoting 28 Cal. Code Regs. § 1300.71(a)(3)(B)).

Defendant's practices have caused plaintiff to "exhaust time and energy" appealing improperly reimbursed claims and have forced plaintiff to take a loss for its services when it is unable to collect the remaining amounts due from its patients. Id. ¶ 44. In addition, plaintiff avers that the "physician-patient relationship is undermined, as the physicians have been branded as charlatans whose bills are inflated and unreasonable," by exceeding the UCR rate unilaterally set by defendant. Id. ¶ 36.

### III. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7512-CAS (JCGx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | ORTHOPEDIC SPECIALISTS OF SOUTHERN CALIFORNIA V. ILWU-PMA WELFARE PLAN, ET AL. | | |

McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

**IV.    ANALYSIS**

In certain limited circumstances, where a state law claim is completely preempted by federal law, a suit may be removed to federal court—based on the doctrine that the preempted state law claim is "recharacterized" as a federal one, thereby giving rise to federal question jurisdiction.  See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); W. Schwarzer, A. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial (The Rutter Group 2012) § 2:2583–2589 (noting that the doctrine has been limited to cases implicating ERISA and LMRA § 301).  However, the exception is not the rule.  "Federal preemption is ordinarily a federal defense to the plaintiff's suit. . . and therefore, [it] does not authorize removal to federal court."  Metro. Life Ins., 481 U.S. at 63.  As such, if the Court finds that none of plaintiffs' state law claims are completely preempted, the Court must remand this case to state court for lack of subject matter jurisdiction.  See Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 951 (9th Cir. 2009) ("Because the [plaintiff's] claims are not completely preempted, there is no federal question removal jurisdiction under 28 U.S.C. § 1441(a), and the district court should have remanded to the state court for the [plaintiff's] suit to proceed.").  On the other hand, "a single preempted claim. . . establish[es] a basis for the exercise of federal subject matter jurisdiction."  Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 331 n. 11 (2d Cir. 2011).  The Court may, but need not, exercise supplemental jurisdiction over any remaining, non-completely preempted state law claims.  28 U.S.C. § 1367(a); Montefiore, 642 F.3d at 332.

"Complete preemption under § 502(a) is really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." Marin Gen., 581 F.3d at 945 (citations and alterations omitted).  The notion is that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health, Inc. v. Davila, 542

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7512-CAS (JCGx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | ORTHOPEDIC SPECIALISTS OF SOUTHERN CALIFORNIA V. ILWU-PMA WELFARE PLAN, ET AL. | | |

U.S. 200, 209 (2004). Section 514(a), on the other hand, "is an insufficient basis for original federal question jurisdiction under [28 U.S.C.] § 1331(a) and removal jurisdiction under § 1441(a)," because this provision only provides for conflict—not complete—preemption. Marin Gen., 581 F.3d at 945. Accordingly, "if the doctrine of complete preemption does not apply, even if the defendant has a defense of conflict preemption within the meaning of § 514(a) because the plaintiff's claims relate to an ERISA plan, the district court is without subject matter jurisdiction." Id. (quotation and alterations omitted).

A two-prong test determines whether plaintiffs' state-law claims are completely preempted; only if both prongs are satisfied does a federal court have subject matter jurisdiction—on the basis of a federal question—over a purported state law claim. Davila, 542 U.S. at 210. Under the first prong, the question "is whether a plaintiff seeking to assert a state-law claim 'at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B).'" Marin Gen., 581 F.3d at 947 (quoting Davila, 542 U.S. at 210). Under the second prong, the question is whether "there is no other independent legal duty that is implicated by a defendant's actions." Id. (quoting Davila, 542 U.S. at 210). In addition, "the mere fact that the state cause of action attempts to authorize remedies beyond those authorized by ERISA § 502(a) [does not] put the cause of action outside the scope of the ERISA civil enforcement mechanism"—the preemptive force of ERISA may eliminate certain state law remedies without providing a federal alternative. Davila, 542 U.S. at 214–15.[1]

---

[1] In Davila, the plaintiffs had sought and been denied coverage for certain medical treatments by their ERISA plan administrators. 542 U.S. at 204. The plaintiffs did not seek judicial review of these benefit-denial decisions nor opt to pay for the treatment themselves. Both individuals allegedly suffered further injuries as a result. Id. Instead, the plaintiffs brought suit in state court against the ERISA plans, alleging several claims under a state law providing for a claim against a health care organization for failure to exercise ordinary care in the handling of coverage decisions. Id. The Supreme Court held that plaintiffs' claims were completely preempted, reasoning that "respondents complain only about denials of coverage promised under the terms of ERISA-regulated employee benefit plans. Upon the denial of benefits, respondents could have paid for the treatment themselves and then sought reimbursement through a § 502(a)(1)(B)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7512-CAS (JCGx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | ORTHOPEDIC SPECIALISTS OF SOUTHERN CALIFORNIA V. ILWU-PMA WELFARE PLAN, ET AL. | | |

As to the first prong of Davila, generally only a beneficiary or participant in an ERISA plan can bring a civil action to enforce certain rights under the plan. See 29 U.S.C. § 1132(a). However, the Ninth Circuit has held that a health care provider can assert a claim under § 502(a) when a beneficiary has assigned to a provider that individual's right to benefits under an ERISA plan. See Misic v. Bldg. Serv. Employees Health & Welfare Trust, 789 F.2d 1374, 1377–78 (9th Cir. 1986); Blue Cross of California v. Anesthesia Care Associates Med. Group, Inc., 187 F.3d 1045, 1051 (9th Cir. 1999) ("[b]ecause a health care provider-assignee stands in the shoes of the beneficiary, such a provider has standing to sue under § 502(a)(1)(B) to recover benefits due under the plan"); The Meadows v. Employers Health Ins., 47 F.3d 1006, 1008 (9th Cir. 1995) ("ERISA preempts the state claims of a provider suing as an assignee of a beneficiary's rights to benefits under an ERISA plan."). Without such an assignment, though, a healthcare provider is not the "type of party" that may bring suit pursuant to ERISA § 502(a)(1)(B). See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S., 497 F.3d 972, 978 (9th Cir. 2007) (holding that "ERISA does not preempt claims by a third-party who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages") (citations and quotations omitted); see also Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 404 (3d Cir. 2004) (holding that the presence or "absence of an assignment is dispositive of the complete pre-emption question.").²

---

action . . . ." Id. at 211. Thus the Court found that plaintiffs had a remedy available to them, at some point in time, under section 502(a). Moreover, the Court held that the duties imposed by the state law did "do not arise independently of ERISA or the plan terms." Id. at 212. The Davila court noted that "liability would exist here only because of petitioners' administration of ERISA-regulated benefit plans," because any liability "derives entirely from the particular rights and obligations established by the benefit plans." Id. at 213. As such, the Court held that plaintiffs' "causes of action, brought to remedy only the denial of benefits under ERISA-regulated benefit plans," were completely preempted pursuant to section 502(a). Id. at 221.

² Although the Cedars-Sinai case concerned preemption under FEHBA, the Ninth Circuit has held that "FEHBA and ERISA are different federal statutes, but their preemption provisions are analytically similar. Marin Gen., 581 F.3d at 950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7512-CAS (JCGx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | ORTHOPEDIC SPECIALISTS OF SOUTHERN CALIFORNIA V. ILWU-PMA WELFARE PLAN, ET AL. | | |

In light of these principles, the basis for plaintiff's motion to remand is straightforward: Each of plaintiff's claims is premised upon an alleged oral or implied-in-fact agreement that defendant would pay plaintiff the UCR rates for its services. See Compl. ¶¶ 47, 52, 55, 64, 68, 74, 81, 89. Plaintiff claims that it "seeks to be reimbursed, paid, or compensated for medical services it provided to ILWU's enrollee under the parties [sic] oral agreement," not pursuant to an assignment of benefits governed by defendant's ERISA plan. Mot. at 4. As such, plaintiff contends that it could not have brought its claims under ERISA, as these claims implicate an "independent state-law-based obligation." Id. at 7.

Disputing plaintiff's characterization of its claims, defendant argues that plaintiff's claims actually amount to "demands for payment of medical services that were provided to Plan participants by plan administrators who had a duty to administer an ERISA plan pursuant to its terms." Opp'n at 7. According to defendant, plaintiff's state law claims "implicate coverage determinations which necessitate interpretation of the [p]lan," because the plan "allegedly refused payment on all of the claims for which [p]lainitff seeks reimbursement." Id. at 5.

Whatever the ultimate merits of plaintiff's claims, the Court concludes that plaintiff could not have brought its state-law claims under section 502(a)(1)(B), and therefore the first prong of Davila is not satisfied. This case is on all fours with the Ninth Circuit's decision in Marin General. There, as here, the plaintiff contended that it was owed additional funds based on an oral contract with the defendant, independent of the terms of the patient's ERISA plan. 581 F.3d at 947. As the court noted:

> [the plaintiff] seeks more money based upon a different obligation. The obligation to pay this additional money does not stem from the ERISA plan, and the [plaintiff] is therefore not suing as the assignee of an ERISA plan participant or beneficiary under § 502(a)(1)(B). Rather, the asserted obligation to make the additional payment stems from the alleged oral contract between the [plaintiff] and [the defendant].

Id. at 948. Accordingly, the court found that the plaintiff's "state-law claims based on its alleged oral contract with [the defendant] were not brought, and could not have been brought, under § 502(a)(1)(B)." Id.; see also Blue Cross, 187 F.3d at 1051. Here, like

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7512-CAS (JCGx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | ORTHOPEDIC SPECIALISTS OF SOUTHERN CALIFORNIA V. ILWU-PMA WELFARE PLAN, ET AL. | | |

Marin General, plaintiff alleges that defendant orally promised that it would pay for plaintiff's services at "UCR rates" and in conformance with California law, Compl. ¶ 10, but that defendant failed to do so, id. ¶ 15.[3] And plaintiff's state-law claims are premised upon this alleged failure to reimburse plaintiff at UCR rates. As such, plaintiff's right to additional payment, if any, arises from an independent legal duty based on its alleged oral contract with defendant, not an assignment from one of its patients of his or her rights under the ERISA plan. Accordingly, as in Marin General, the first prong of Davila is not met here.

Although the Court need not reach the second prong of Davila in light of its findings above, the Court also concludes that plaintiff's claims are based on independent state-law legal duties. Resolution of this second prong "requires a practical, rather than a formalistic, analysis because '[c]laimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort.'" Fossen v. Blue Cross & Blue Shield of Montana, Inc., 660 F.3d 1102, 1110–11 (9th Cir. 2011) (quoting Cleghorn v. Blue Shield of California, 408 F.3d 1222, 1224 (9th Cir. 2005)). The question is ultimately "whether the state-law claims 'arise independently of ERISA or the plan terms.'" Fossen, 660 F.3d at 1110 (quoting Davila, 542 U.S. at 212). Regardless of the terms of the ERISA plan here, if defendant made the alleged representations to plaintiff,

---

[3] Defendant's attempt to characterize plaintiff's claims as involving "administrator benefits determinations under the terms of the Plan and not simply the contractually correct payment amount" is unavailing. Opp'n at 6. The gravamen of plaintiff's complaint is that plaintiff relied on defendant's alleged oral representations as to payment in providing medical services to defendant's beneficiaries. Plaintiff's claim that defendant promised to reimburse plaintiff at UCR rates does not depend on the language of the ERISA benefit plan purportedly at issue. Moreover, that plaintiff's allegations here are not based on a separate agreement whereby defendant would pay plaintiff a "sum certain" for its services is a distinction without a difference. Marin General stands for the proposition that where a plaintiff brings "state-law claims premised upon its alleged oral contract" for payment that is independent of any obligations under an ERISA plan, these claims are not completely preempted by ERISA. 581 F.3d at 950. Accordingly, the fact plaintiff seeks payment of its UCR rate pursuant to its alleged oral agreement with defendant, rather than a predetermined sum certain, does not affect the analysis.

| | | | |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | JS - 6<br><br>O |
| **CIVIL MINUTES - GENERAL** | | | |
| Case No. | CV 12-7512-CAS (JCGx) | Date | February 28, 2013 |
| Title | ORTHOPEDIC SPECIALISTS OF SOUTHERN CALIFORNIA V. ILWU-PMA WELFARE PLAN, ET AL. | | |

defendant was under an independent legal duty not to breach this purported oral agreement. Because plaintiff's various state law claims all arise out of this alleged agreement between plaintiff and defendant, these claims invoke a state-law duty independent of ERISA and fail to meet the second prong of the Davila analysis. See Marin, 581 F.3d at 950; see also Bay Area Surgical Mgmt., LLC v. Blue Cross Blue Shield of Minnesota Inc., 12-cv-0848, 2012 WL 2919388, at *7 (N.D. Cal. July 17, 2012) ("Legal obligations that arise from contracts between medical service providers and medical insurers do not arise from ERISA, even when the insurer is acting as an ERISA plan administrator."). Accordingly, the Court concludes that plaintiff's claims are not completely preempted by ERISA section 502(a)(1)(B).

## V. CONCLUSION

In accordance with the foregoing, the Court finds that none of plaintiff's claims are completely preempted by ERISA, which deprives the Court of subject matter jurisdiction over this action. The Court therefore GRANTS plaintiff's motion to remand this case to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | MS |  |  |